# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RICHARD REINSDORF,<br><br>    Plaintiff,<br><br>vs.<br><br>ACADEMY, LTD., a Texas Limited Partnership; Does 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>Complaint for Copyright Infringement<br><br>Jury Demand |

Plaintiff Richard Reinsdorf ("Reinsdorf") alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. This Court has personal jurisdiction over defendant Academy, Ltd. ("Academy") which does business in this judicial district.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because Academy is located and resides in this District.

## THE PARTIES

5. Reinsdorf is an individual residing in Los Angeles County, State of California. He is world renowned photographer. He has been described as a "master of architectural fashion" by Digital Photo Pro magazine and he is specifically sought out for his ability to capture fashion and lifestyle imagery that is compelling to consumers. Some of his clients have included L'Oreal, Eddie Bauer, Guess, Nordstrom, Vogue,

Cosmopolitan, Levi's, and Heineken. He has been featured on several hit television shows, including America's Next Top Model and The Real Housewives of Beverly Hills.

6. Academy is a limited partnership duly organized and existing under the laws of Texas. Academy is a "sports, outdoor and lifestyle" retailer that owns and operates over "150 stores throughout Alabama, Florida, Georgia, Kansas, Louisiana, Mississippi, Missouri, North Carolina, Oklahoma, South Carolina, Tennessee, and Texas." In Tennessee, Academy has retail stores in Hixson, Franklin, Madison, Chattanooga, Mt. Juliet, Knoxville, and Smyrna.

7. Reinsdorf is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues said defendants by such fictitious names (the "Doe Defendants"). Reinsdorf will amend this complaint to allege the true names and capacities of the fictitiously named defendants when the same have been ascertained. Reinsdorf is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences, acts, and omissions alleged herein and that Reinsdorf's damages were proximately caused by their conduct.

8. Reinsdorf is informed and believes and based thereon alleges that at all material times Academy and the Doe Defendants, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of each other and at all times were acting within the course and scope of that agency, employment, partnership, conspiracy, ownership, or joint venture.

## FIRST CLAIM

### (Copyright Infringement Against Academy and the Doe Defendants)

9. Reinsdorf repeats, realleges, and incorporates by reference each and every allegation contained in Paragraphs 1 through 8, inclusive, as though fully set forth herein.

10. Between 2006 and 2009, Skechers USA, Inc. ("Skechers"), a multi-billion dollar shoe company, engaged Reinsdorf (but not on a work for hire basis) on five separate occasions to take photographs. Reinsdorf licensed various of his photographs

from the five photo shoots to Skechers for use by it in connection with certain of its advertising and marketing material. Skechers' licenses were limited in their scope, territory, and duration. Despite these limitations, starting in mid-2010, Reinsdorf discovered that Skechers' exploitation and use of his photographs far exceeded the restrictions in the licenses, in direct violation of his rights. For example, Reinsdorf discovered that Skechers exceeded the six-month time limitation in the licenses by years, exceeded the territorial limitations by exploiting the photographs worldwide, and exceeded the media limitations by, among other things, featuring Reinsdorf's iconic "disco ball kiss" image on the shoeboxes in which Skechers' extremely successful Cali and Sassy lines of shoes were sold.

11. In addition to exceeding the scope, territory, and duration of the licenses, Skechers also gave rights to the photographs to numerous third parties even though Skechers did not request, nor did it receive, the right to sub-license Reinsdorf's photographs to the retailers who advertised, marketed, and/or distributed Skechers' products. As one of the retailers that advertised, marketed, and/or distributed Skechers' products, Academy exploited Reinsdorf's photographs in violation of his exclusive rights. Academy never had the right to reproduce, display, or distribute Reinsdorf's photographs.

12. As the author, Reinsdorf owns the copyright (and, indeed, is the sole copyright owner) in all of the photographs and images he captured during the five photo shoots for Skechers. Reinsdorf registered his photographs with the United States Copyright Office. (True and correct copies of the Copyright Registration Certificates of all of the photographs and images Reinsdorf captured during the five photo shoots are attached hereto as Exhibit "A.")

13. By using, exploiting, and displaying Reinsdorf's copyrighted works without Reinsdorf's permission (and, in particular, the works covered by registration numbers VA0001714547, VA0001714671, VA0001714543, VA0001714594, VA0001719219, VA0001719218, VA0001720063, VA0001720070, VA0001720140), Academy and the Doe Defendants have infringed his copyrights in those works.

14. By reason of the infringement of Academy and the Doe Defendants, Reinsdorf has sustained substantial injury, loss, and damage. Reinsdorf is entitled to recover from Academy and the Doe Defendants the gains, profits and advantages they have obtained as a result of their acts of copyright infringement. Alternatively, Reinsdorf is entitled to recover an award of statutory damages under the Copyright Act. Reinsdorf is further entitled to recover from Academy and the Doe Defendants an award of his attorneys' fees and costs.

## PRAYER FOR RELIEF

Wherefore, Reinsdorf prays judgment against Academy and the Doe Defendants, and each of them, as follows:

1. For actual damages and the profits of Academy and the Doe Defendants in amounts to be determined at trial;

2. For statutory damages;

2. For a preliminary injunction and a permanent injunction enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them from continuing to infringe Reinsdorf s copyrights;

4. For attorneys' fees and costs of suit herein incurred;

5. For interest at the maximum legal rate; and/or

6. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff Richard Reinsdorf hereby demands a jury trial in this matter.

Respectfully submitted,

/s/ Timothy L. Warnock
Timothy L. Warnock (#012844)
Tim Harvey (#021509)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700
twarnock@rwjplc.com
tharvey@rwjplc.com

Harvey Geller
Steptoe & Johnson LLP
2121 Avenue of the Stars
Suite 2800
Los Angeles, California 90067
(310) 734-1918
hgeller@steptoe.com

*Attorneys for Plaintiff
Richard Reinsdorf*