IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RICHARD REINSDORF        )
                         )
v.                       ) NO. 3-13-0269
                         ) JUDGE CAMPBELL
ACADEMY, LTD.            )

MEMORANDUM

Pending before the Court are Defendant's Motion to Stay or Transfer (Docket No. 9) and Plaintiff's Motion for Oral Argument (Docket No. 25). Plaintiff's Motion for Oral Argument is DENIED. For the reasons stated herein, Defendant's Motion to Stay is GRANTED, and this action is stayed, pending resolution of the related California action.

FACTS

Plaintiff claims he is a world-renowned photographer. He alleges that a footware company called Skechers engaged him on five separate occasions to take photographs, some of which he later licensed to Skechers for use by it in connection with certain of its advertising and marketing materials. Plaintiff avers that he later discovered that Sketcher's exploitation and use of his photographs far exceeded the restrictions in the licenses. Plaintiff asserts that Sketchers, without permission from him, gave rights to the photographs to third parties, including Defendant Academy, to use the photographs in advertising, marketing and distributing Sketcher products.

Plaintiff, as alleged owner of the copyrights at issue, sued Skechers for copyright infringement in California on September 27, 2010. More than two years later, Plaintiff filed this copyright infringement action against Academy, alleging that Academy used and/or displayed

certain marketing materials provided to it by Skechers in violation of Plaintiff's exclusive rights in the photographs.

Defendant maintains that this action should be stayed or transferred to the California court because it concerns nearly identical claims and parties as in the previously-filed California action against Academy's wholesale supplier, Skechers. Alternatively, Defendant requests that this action be transferred to the Central District of California for the convenience of parties and witnesses, pursuant to 28 U.S.C. § 1404(a).

## FIRST-TO-FILE

Defendant contends that because the California action was filed first, more than two years ago, and because Academy's liability for infringement is premised entirely upon a finding that Skechers committed copyright infringement, this action should be transferred to California or stayed until that action is completed.

The first-to-file rule is a doctrine of federal comity that promotes judicial efficiency. *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp. 2d 686, 688 (E.D. Tenn. 2005). The most basic aspect of the first-to-file rule is that it is discretionary. *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp.2d 899, 903 (N.D. Ohio 1999); *Sony/ATV Music Publishing, LLC v. KTS Karaoke, Inc.*, 2012 WL 1267980 at * 1 (M.D. Tenn. April 16, 2012). There is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. *Id*.

In determining whether actions are duplicative and the first-to-file rule applies, courts consider (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Fuller*, 370 F.Supp.2d at 688. The parties and issues need not be identical. *Id.* Rather, the crucial inquiry is whether the parties and issues substantially overlap. *Id.*

2

The Sixth Circuit has held that a duplicative suit is one in which the issues have such an identity that a determination in one action leaves little or nothing to be determined in the other. *Gibson Guitar Corp. v. Wal-Mart Stores, Inc.*, 2008 WL 3472181 at * 6 (M.D. Tenn. Aug. 8, 2008); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). After a court applies the first-to-file doctrine, the court has discretion to transfer the duplicative suit, issue a stay, or dismiss the complaint. *SNMP Research, Inc. v. AVAYA, Inc.*, 2013 WL 474846 at * 3 (E.D. Tenn. Feb. 7, 2013).

The Court finds that the parties and issues of this case substantially overlap those of the California action. The California action was clearly filed first. This is not a case where the second-filed action was filed just a few days after the first. The California action has been pending and litigated for more than two years.

The cases involve the same copyrights, the same photographs, and issues about the same scope of protection, scope of alleged infringement and scope of the licenses. The threshold issue in both cases is the scope of the alleged license to Skechers. The cases involve the same Plaintiff. Defendant herein is a distributor for the Defendant (Skechers) in the California case. Defendant asserts that Skechers has pre-existing indemnity obligations assumed in connection with its sale of products to Academy.

Defendant's alleged use of Plaintiff's photographs was only as to Skechers' products. Plaintiff does not allege that Academy used his photographs in connection with any products other than those of Skechers. If Skechers infringed Plaintiff's copyrights, so did Academy. If Skechers is found not to have infringed Plaintiff's claimed copyrights in the California action, there will be little or nothing left to litigate against Defendant here. If both actions are litigated at the same time,

3

Case 3:13-cv-00269   Document 34   Filed 05/16/13   Page 3 of 4 PageID #: 840

there is a significant possibility of inconsistent rulings. The Court finds that the differences in the two actions are not sufficient to overcome the substantial similarities.

Defendant asks the Court to transfer or stay this action. Because of the uncertainty of the California court's jurisdiction over Academy, this action is STAYED, pending further Order of the Court. The parties shall notify the Court, in writing, within ten days after the issue of Skecher's alleged liability is resolved in the California action. In any event, the parties shall file a Status Report with the Court by September 1, 2013.

## CONCLUSION

For these reasons, Defendant's Motion to Stay is GRANTED, and this action is STAYED pending further Order of the Court. The Clerk is directed to close the file administratively.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE