IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD REINSDORF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:13-0269 |
| ) | JUDGE CAMPBELL/KNOWLES |
| ) | |
| ACADEMY, LTD, a Texas Limited ) | |
| Partnership, DOES 1-10, inclusive, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court upon Plaintiff's "Motion for an Order Regarding the Preservation of Evidence." Docket No. 36. Plaintiff has filed a supporting Memorandum. Docket No. 37. Defendant has filed a Response in Opposition to the Motion. Docket No. 40. Judge Campbell has referred the Motion to the undersigned for decision. Docket No. 39.

This is a copyright infringement action brought by Plaintiff, who is alleged to be a "world-renowned photographer." Docket No. 1, p. 1. Plaintiff alleges that a large shoe company, Skechers USA, Inc., hired him to take photographs on five separate occasions between 2006 and 2009. Plaintiff gave Skechers limited licenses to use the photographs he had taken, in connection with Skechers' advertising and marketing material. Plaintiff avers that Skechers' exploitation and use of these photographs far exceeded the restrictions in the licenses. Plaintiff also avers that some retailers, including Defendant, exploited his photographs in their advertising, marketing and distribution of the Skechers products, in violation of his exclusive

rights.

In the Motion, Plaintiff seeks an Order:

> requiring Defendant Academy LTD ("Academy") to preserve all evidence, including all documents, electronically stored information and tangible things, related to the facts, allegations, claims, and defenses in this case.

Docket No. 36, p. 1.

Less than one month after Plaintiff's Complaint was filed in this action, Defendant filed a Motion to Stay this action based upon a previous lawsuit filed by Plaintiff against Skechers in the Central District of California. Docket No. 9. Defendant averred that that case had been pending since 2010 and was "nearing trial." Plaintiff filed a Response in opposition to that Motion. Docket No. 23. Despite Plaintiff's opposition, Judge Campbell granted the Motion to Stay on May 16, 2013. Docket No. 35. Judge Campbell stated in part, "Defendant's Motion to Stay is GRANTED, and this action is stayed, pending resolution of the related California action." Docket No. 35. Judge Campbell noted in part that the instant action was filed more than two (2) years after Plaintiff sued Skechers in California. Docket No. 34, p. 1. Judge Campbell also stated:

> The cases involve the same copyrights, the same photographs, and issues about the same scope of protection, scope of alleged infringement and scope of the licenses. The threshold issue in both cases is the scope of the alleged licenses to Skechers. The cases involve the same Plaintiff. Defendant herein is a distributor for the Defendant (Skechers) in the California case. Defendant asserts that Skechers has pre-existing indemnity obligations assumed in connection with its sale of products to Academy.
>
> Defendant's alleged use of Plaintiff's photographs was only as to Skechers' products. Plaintiff does not allege that Academy used his photographs in connection with any products other than those

2

> of Skechers. If Skechers infringed Plaintiff's copyrights, so did
> Academy. If Skechers is found not to have infringed Plaintiff's
> claimed copyrights in the California action, there will be little or
> nothing left to litigate against Defendant here. If both actions are
> litigated at the same time, there is a significant possibility of
> inconsistent rulings. The Court finds that the differences in the
> two actions are not sufficient to overcome the similarities.

*Id.*, p. 3-4.

Thus, Judge Campbell stayed the instant action and directed the parties to notify the Court, in writing, within ten days after the issue of Skechers' alleged liability is resolved in the California action. Judge Campbell also directed the Clerk to close the file administratively. *Id.*, p. 4.

As discussed above, Judge Campbell's Order was entered May 16, 2013. The instant Motion was filed more than a month later, on June 24, 2013. At that time, this action was plainly stayed and had been administratively closed. During the interim, Plaintiff did not ask Judge Campbell to reconsider the stay. Plaintiff did not file a Motion seeking leave to file the instant Motion. In the instant Motion, Plaintiff does not discuss the stay, nor does he even refer to it, except in a tangential manner.

For the foregoing reasons alone, the instant Motion should be denied.

As to the merits of the instant Motion, Plaintiff states that, on May 15, 2013, the day before Judge Campbell's Order was entered, his counsel and Defendant's counsel conferred telephonically. During that call, Plaintiff's counsel asked whether Defendant had put a litigation hold in place. Defendant's counsel "would only state that 'an appropriate hold' had been instituted." Docket No. 37, p. 5. Plaintiff continues:

> When [Plaintiff's] counsel tried to get further details about the

3

>hold-e.g., its scope, when it was instituted, which custodians it had been sent to, and whether the litigation hold letters had been sent to Academy's information technology personnel – Academy's counsel refused to provide any further information. . . . Indeed, Academy's counsel would only say that notices had been sent "to all people [Academy] thinks that are appropriate" or "to all appropriate custodians" but not give any specific details. . . . In fact, Academy's counsel would not even provide the exact date of the supposed litigation hold, opting instead to simply say that it was instituted "upon notice of [Reinsdorf's] claim."

*Id.*

Plaintiff argues that "it appears that relevant evidence may already have been spoliated." *Id.*, p. 7. This claim is based primarily upon an argument that, when Defendant filed its Reply regarding its Motion for a stay, it also filed a Declaration, and "attached to it a ***blank*** purchase order which [the declarant] claimed governed Academy's purchase of Skechers' product prior to 2011. . . ." *Id.*, p. 8 (emphasis in original). Plaintiff continues:

> The fact that [declarant] could not find an actual purchase order and had to rely on a blank one strongly suggests that the actual ones no longer exist. This is very troubling since the purchase orders would disclose the full extent of Academy's purchases from Skechers, which is directly relevant to Reinsdorf's damages claim.

*Id.*, p. 8.

Plaintiff's argument is obviously nothing more than sheer speculation. Simply because declarant attached a blank purchase order to his Declaration, that does not necessarily mean that the declarant could not find an actual purchase order, nor does that circumstance suggest at all (much less strongly) that the actual purchase orders no longer exist. Even if that were correct, however, there is no indication that the reason the purchase orders may no longer exist has anything to do with a litigation hold in the instant case.

4

Moreover, Plaintiff argues that the Preservation Order it seeks is appropriate given the "Significant Risk the Relevant Evidence Will be Spoliated." *Id.*, p. 8. Plaintiff argues that Defendant's "refusal to provide details about its litigation hold certainly sets off alarm bells." Once again, this is sheer speculation.

As discussed above, the instant Motion ostensibly seeks only an Order requiring Defendant to "preserve all evidence . . . related to the facts, allegations, claims, and defenses in this case." Docket No. 36, p. 1. Once again, however, it is obvious that Plaintiff seeks much more than a simple preservation order. In Plaintiff's supporting Memorandum, Plaintiff states that he:

> requests that the Court order Academy to:
>
> (1) Preserve all documents, electronically stored information ("ESI"), and tangible things (as defined in Fed. R. Civ. Proc. 34(a)) that are potentially relevant to the facts, allegations, claims, and defenses in this case;
>
> (2) Suspend any routine business processes, procedures, or operations, including without limitation, email management programs and document destruction policies, that could lead to the loss of information or the destruction of potentially relevant documents, ESI, or tangible things;
>
> (3) Take all necessary steps to assure that employees, agents, accountants, attorneys, and other custodians of such documents, ESI and tangible things refrain from discarding, destroying, erasing, purging, or deleting them, including computer memory, computer disks, data compilations, e-mail messages sent and received, and all back-up computer files or devices, including electronic, optical, or magnetic storage media;

(4) Appoint a suitable employee/attorney to be responsible for monitoring custodian compliance with preservation obligations;

(5) Report immediately any destruction or loss of any potentially relevant documents, ESI, or tangible things; and

(6) Disclose the following to Reinsdorf's counsel within 15 days:

    (a) The form and method of providing notice of the duty to preserve to persons identified as custodians of documents, ESI, and tangible things;

    (b) The date such notice was provided and the date(s) that any further preservation efforts were implemented;

    (c) The names and job titles of the custodians to whom such notice was provided; and

    (d) The name and job title of the employee/attorney appointed to monitor custodian compliance with preservation obligations.

Docket No. 37, p. 10-11.

It can readily be seen that Plaintiff essentially wants the Court to grant a discovery request that has not been made. Plaintiff's "evidence" that Defendant may have already spoliated evidence is not convincing. As Defendant argues, "If a formal motion were required in every case to reaffirm the parties' pre-existing preservation obligations, the Court's docket would be hopelessly clogged by pointless motion after pointless motion." Docket No. 40, p. 2.

For the foregoing reasons, the instant Motion (Docket No. 36) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge